J-S25038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY JO HICKS | |
| Appellant | No. 1496 WDA 2015 |

Appeal from the Judgment of Sentence September 8, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000808-2011

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                              **FILED APRIL 4, 2016**

Appellant Ashley Jo Hicks appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas on September 8, 2015 following imposition of sentence upon revocation of probation. Appellant's counsel filed an **Anders**[1] brief and a petition for leave to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On June 23, 2011, Appellant pled guilty to one count of retail theft[2] at docket CP-11-CR-0000808-2011.[3]  The retail theft conviction was graded as

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S. § 3929(a)(1).

[3] At the hearing, Appellant also pled guilty to one count of retail theft at docket CP-11-CR-0000126-2011.

a third-degree felony because it was a third or subsequent offense. *See* 18 Pa.C.S. § 3929(b)(1)(iv).

On December 9, 2011, the trial court sentenced Appellant to 84 months' probation, concurrent to the sentence imposed at docket CP-11-CR-0000126-2011.[4]

On September 8, 2015, following a *Gagnon II*[5] hearing, the trial court revoked Appellant's probation because Appellant had committed new offenses while on probation, including retail theft and two counts of possession of drug paraphernalia.[6]  N.T., 9/8/2015, at 2, 5-6.  The trial court then sentenced Appellant to 40 to 84 months' incarceration, with credit for time served.  Appellant was eligible for the RRRI program, and had a RRRI minimum sentence of 33 months and 10 days' imprisonment.

Appellant filed a motion for sentence modification, which the trial court denied on September 21, 2015.  Appellant filed a timely notice of appeal.  Counsel filed a statement of intent to file an *Anders* brief pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4).  After the appeal was

---

[4] At docket CP-11-CR-0000126-2011, the trial court sentenced Appellant to 24 to 84 months' imprisonment, with credit for time served.  Appellant was found eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, and had a RRRI minimum of 18 months' imprisonment.

[5] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[6] 35 P.S. § 780-113(a)(32).

docketed, counsel filed an application to withdraw the Rule 1925(c)(4) statement and file a concise statement of matters complained of on appeal pursuant to Rule 1925(b). The trial court granted the application. Counsel filed a Rule 1925(b) statement, and the trial court issued a Rule 1925(a) opinion.

Counsel filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Santiago*.[7] We must address counsel's petition before reviewing the merits of Appellant's underlying issues. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal;

---

[7] *Commonwealth v. Santiago*, 978 A.2d 349 (Pa.2009).

(2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super.1997)).

Appellant's counsel filed a petition for leave to withdraw as counsel. The petition states counsel conscientiously and completely examined the record and determined in good faith that any appeal would be frivolous. Petition for Leave to Withdraw as Counsel, at ¶ 3a. Counsel notified Appellant of the withdrawal request, supplied her with copies of the petition for leave to withdraw and the ***Anders*** brief, and sent Appellant a letter explaining her right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See*** Petition for Leave to Withdraw as Counsel at ¶ 3d; Letter to Appellant. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, states his conclusion that the appeal is wholly frivolous, and states

his reasons for concluding the appeal is frivolous. Accordingly, counsel has complied with the requirements of **Anders** and **Santiago**.

Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review this appeal based on the issues of arguable merit raised in the **Anders** brief.

Counsel raises the following issues of arguable merit:

I. Did the sentencing court abuse its discretion in revoking [Appellant's] special probation where she was convicted of several new offenses?

II. Was the court's sentence of 40 to 84 months' imprisonment for a violation of special probation illegal?

III. Did the sentencing court commit a manifest abuse of discretion by resentencing [Appellant] to nearly the maximum allowable sentence for a third-degree felony?

**Anders** Brief at 7.

The first issue challenges the court's revocation of Appellant's probation. **Anders** Brief at 14-15. Pursuant to Pennsylvania law, "[t]he court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b). Here, Appellant pled guilty to committing crimes while on probation, which established that she violated conditions of her probation.

The second issue raised in the **Anders** brief claims the sentence imposed following the revocation of Appellant's probation was illegal. **Anders** Brief at 15-17. It maintains, because the trial court imposed the

statutory maximum sentence,[8] without specifying the number of days for which Appellant should receive credit, the sentence was illegal. *Id.* at 16. The trial court imposed a sentence of 40 to 84 months' imprisonment, with credit for time already served on the sentence.[9] The trial court was not required to calculate the number of days for which Appellant should be credited. Rather, the Department of Corrections ("DOC") will calculate the number of days Appellant served related to the crimes for which she was sentenced. *Allen v. Commonwealth, Dept. of Corrs.*, 103 A.3d 365, 371-72 (Pa.Super.2014) (where trial court awarded credit for "any time previously served on this matter as determined by prisons," the department of corrections was required to award such credit). If Appellant disagrees with the DOC's calculation, she may challenge the calculation by filing a writ of mandamus. *Id.* at 370 ("mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for

_____

[8] The *Anders* brief states the sentence was "nearly the maximum allowable" and "only two months shy of the maximum allowable sentence." *Anders* Brief at 13, 17. However, the maximum sentence imposed, 84 months, was the maximum sentence allowed for a third degree felony. 18 Pa.C.S. § 1103(3).

[9] Probation violators are entitled to credit for time spent incarcerated prior to conviction. *See Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009).

the time period in question and DOC's computation does not comply with that credit").

The last issue raised in the **Anders** brief claims the trial court abused its discretion when it sentenced Appellant to the statutory maximum sentence. **Anders** Brief at 17-18. This challenges the discretionary aspects of Appellant's sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011) (quoting **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super.2013) (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super.2006)); **see also Allen**, 24 A.3d at 1064.

Appellant raised her discretionary aspect of sentence issue in a timely post-sentence motion and filed a timely notice of appeal. The **Anders** brief does not include a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). The Commonwealth, however, failed to object to the absence of a Rule 2119(f) statement. "[I]n the absence of any objection

from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." *Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa.Super.2006) (quoting *Commonwealth v. Bonds,* 890 A.2d 414, 418 (Pa.Super.2005)). Because the Commonwealth failed to object, and because the issue is raised in an *Anders* brief, we will address her claim. *See id.*; *see also Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super.2015) (noting "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement").

We must next determine whether Appellant's claim raises a substantial question. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant claims the trial court abused its discretion in sentencing Appellant to 40 to 84 months' imprisonment, the maximum sentence, without adequately considering Appellant's rehabilitative needs or the underlying circumstances of her new offense. *Anders* Brief at 17-18. This

raises a substantial question. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super.2014) (appellant raised substantial question when he alleged sentence was excessive and court failed to consider mitigating circumstances). We will, therefore, review Appellant's discretionary aspects of sentence claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010). (quoting *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "[w]here pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super.2014) (quoting *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988)).

Pursuant to Pennsylvania law, when a trial court revokes a sentence of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).[10]  The court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721.  Moreover, when re-sentencing a defendant following the revocation of probation, courts "shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation."  42 Pa.C.S. § 9771(d).

_____

[10] The statute further provides:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771.

- 10 -

The trial court reviewed the PSI report from the prior sentencing, and heard testimony that Appellant was convicted of, and sentence for, one count of retail theft and two counts of possession of drug paraphernalia for conduct that occurred while she was serving the probation in the current case. N.T., 9/8/2015, at 2-3.[11]

At sentencing, the trial court stated:

> Based on the information supplied and a review of your prior PSI and the evidence that you have had some progress, but have also had some continued issues with drugs and proper supervision, the sentence of December 9, 2011 is vacated and you are sentenced to pay the costs of prosecution, and serve no less than 40 months nor more than 84 months at a State Correctional Institution with any credit on that docket number that might be showing at the Cambria County Jail.

N.T., 9/8/2015, at 5-6.

The trial court did not abuse its discretion when it sentenced Appellant. It had Appellant's PSI report, and, we presume, it considered the information contained therein. *See Antidormi*, 84 A.3d at 761. Further, the trial court considered the crimes Appellant committed while on probation, as well as the progress Appellant made, and the relapses Appellant had. The sentence imposed was reasonable and supported by the record.

_____

[11] Appellant also was sentenced to 10 to 36 months' imprisonment following a revocation of parole at another docket. N.T., 9/8/2015, at 3.

We have conducted a thorough and independent review of the record, and have found no non-frivolous issues.

Judgment of sentence affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016